KATHERINE HILL, Individually and as Administratrix, etc., of FREDERICK BEYER, Deceased, Plaintiff, v. JACOB GROSS and Others, Defendants.

Supreme Court, Sullivan County, January —, 1929.

*Henry F. Gardner*, for the plaintiff.

*Albert Ottinger, Attorney-General* [*Borden H. Mills, Deputy Assistant Attorney-General*, of counsel], for the defendant The People of the State of New York.

*Vincent N. Elwood*, for the defendants Lena Reichman, Albert J. Gross, Pearl Gross, Philip W. Gross, Leona Gross and Theresa Fredenburg.

*Eugene H. Bouton,* for the defendant Edna Hendrickson.

*John D. Lyons,* guardian *ad litem* for certain infant defendants.

*David S. Hill,* guardian *ad litem* for certain unknown defendants.

SMITH, J.   Prior to October 15, 1890, Philip Gross owned and occupied the property involved in this litigation.   On that date he and his wife Theresa conveyed the same by deed to " Fred Beyer and Mary Beyer his wife, share and share alike."   Mary Beyer was a daughter of the grantors.   Some time subsequent to the execution of the deed, Fred and his wife Mary moved upon the property and occupied it until July 16, 1904, when Mary died intestate, leaving her surviving Fred, her husband, and several brothers and sisters, but no children.   She had one child, issue of her marriage, which had died in its infancy.   Fred continued to occupy the property until his death without heirs, which occurred September 8, 1927.   This action was brought by Katherine Hill, the sister of Mary, demanding a partition of the property.

The claim of plaintiff is that under the deed Mary and Fred were tenants in common, and Mary's undivided half interest descended on her death to her heirs at law, subject to Fred's estate by the curtesy; and that Fred's one-half interest passed to the People of the State of New York by escheat.   Several parties in interest have answered.   Some defendants claim that the property was owned by Mary and Fred as tenants by the entirety, and that upon Fred's death he owned the entire estate, which, in absence of heirs, passed to the heirs of Mary, under the provisions of the Decedent Estate Law.   Defendant Hendrickson claims that Mary bought the property from her father and paid for it, and that Fred's name was inserted in the deed without her knowledge or consent, and asks for a reformation of the instrument.   The People of the State claim that Fred and Mary were tenants by the entirety and that Fred became the sole owner on Mary's death, and they ask for judgment dismissing the complaint on the theory that the property has escheated to the State.

While the questions raised by counsel are interesting and more or less intricate, my view of the case and the issues involved will render it necessary for me to examine only the point made in behalf of those defendants who claim that on the death of Fred Beyer the title to the property descended to the heirs of Mary under the provisions of section 91 of the Decedent Estate Law.

Section 91 reads as follows:

" § 91. Relatives of husband or wife.   When the inheritance shall have come to the intestate from a deceased husband or wife,

as the case may be, and there be no person entitled to inherit under any of the preceding sections, then such real property of such intestate shall descend to the heirs of such deceased husband or wife, as the case may be, and the persons entitled, under the provisions of this section, to inherit such real property, shall be deemed to be the heirs of such intestate."

To bring the case within the provisions of this section it must be shown: *First.* That the inheritance, or some part of it, came from the deceased wife. *Second.* That the parties are heirs at law of said deceased wife. *Third.* That decedent died intestate and without heirs. (*Matter of Leslie,* 175 App. Div. 108.)

There is no serious contention here as to the second and third propositions. Defendant State of New York, however, contends that this inheritance did not come from the deceased wife. I am constrained to differ with the learned counsel upon this point. The property had been owned by Mary Beyer's father. He conveyed it to Fred and Mary by deed reciting a consideration of $1,800. The evidence in the case shows that the father had the money, and that it was paid to him by Mary. He showed the money on his return from New York and stated, in substance, that he received it from Mary to pay for the farm. There is no evidence and no claim that Fred paid a single dollar for the property at any time. The evidence precludes the idea that he had anything to pay. During his whole life on the farm, Mary did the business and ran the place, while she lived, and after her death it was not cultivated and no business was carried on there. If the property did not come to Fred from Mary, who did it come from, and how did he get it?

Conceding that the estate created by the deed was a tenancy by the entirety, and that the survivor does not take by descent or inheritance on the death of the cotenant, still it is not necessary that the entire property or estate shall come from the deceased wife. If some part of it comes from that source it is sufficient. Nor is it essential that Fred should have received the property by inheritance from his wife. The inheritance referred to in the section is the inheritance that Fred is disposing of, not the inheritance his wife disposed of. Husband and wife do not acquire any interest in the deceased spouse's property by inheritance.

It cannot be said that the section intended to provide against escheat in certain cases, and then deliberately shut the door to all persons intended to be benefited. Mary Beyer was a daughter of Philip Gross, the grantor. She bought the property from her father and paid him for it. She had a right to have Fred's name inserted in the deed if she wished — and I am assuming it was

done at her request — but whatever interest he acquired under such circumstances, let it be what it may, came from her. If it was a gift, the requirement of the statute is met, because the section does not provide how it shall come. There are other sections of the Decedent Estate Law which specify in what way the property shall have been acquired. For instance, section 90 covers cases where the inheritance comes by " descent, devise or gift."

It would seem, further, that section 92 of the same statute is broad enough to cover the facts of this case. Under that section, as amended in 1925 (chap. 606), Mary would take the property of Fred if she were living, no matter where or how acquired. The section is silent, however, as to her heirs inheriting in case she predeceased him. The provision is new, and I prefer to base my decision upon the other section.

My conclusion is that the heirs of Mary Beyer became seized of the title to the property in question upon the death of Fred Beyer, and are deemed to be his heirs, as provided in section 91 of the Decedent Estate Law. None of the parties whose interests are adversely affected by this decision have died, and it would seem to be unnecessary to bring in the estates of other persons.

Judgment and findings may be submitted upon notice to all attorneys who have appeared.