In the Matter of the Estate of DOROTHY W. KING, Deceased.
Surrogate's Court, Saratoga County, June 15, 1939.

*Alexander E. King*, petitioner, in person.

*William E. Bennett*, for John W. Nichols, as executor, etc.

TUCK, S. Upon this application for a setoff of exempt property to the husband under the provisions of section 200 of the Surrogate's Court Act, the undisputed facts are:

That Dorothy W. King died on the 23d day of May 1938, leaving her last will and testament dated July 12, 1930, which was admitted to probate by the Surrogate's Court of Saratoga county June 16, 1938.

In respect to a person dying testate, section 200 of the Surrogate's Court Act provides that no property shall be set apart to a surviving spouse who can neither inherit nor claim any rights against the estate of a deceased spouse.

This amendment to the Surrogate's Court Act was made by chapter 659 of the Laws of 1936, and took effect May 22, 1936.

It is apparent from the wording of the statute that a theory which formerly prevailed that husband and wife acquired no interest from each other by inheritance (*Hill* v. *Gross*, 133 Misc. 470) is not the intendment of the Legislature at present.

Section 83 of the Decedent Estate Law now provides that real property not devised shall descend to the surviving spouse and children, etc., in the manner thereafter provided and that the surplus of personal property should be distributed as thereafter provided.

The Legislature has expressly recognized the two distinct kinds of property although the persons and proportions in which they take whether of real or of personal is identical.

Since the real property of a deceased spouse may descend to a surviving spouse the taking must be by inheritance. In the present case we are required to examine the will and determine whether the language of the will provides for the disposition of all of the decedent's real estate, or whether the decedent has died intestate as to some portion of it. If the decedent died intestate as to some portion of her real property then the surviving husband would inherit and as a consequence would then be entitled to the benefit of a setoff of property or money under the provisions of section 200 of the Surrogate's Court Act.

The provisions of the will, after directing the payment of just debts and funeral expenses, give and bequeath unto the husband, Alexander King, the sum of $100. All the rest, residue and remainder of decedent's estate and property of every kind and nature and wheresoever situate is devised and bequeathed unto her trustee who is required to apply the income therefrom for the support, education and maintenance of the children of her own blood who shall survive her until such children respectively become twenty-five years of age.

The fifth paragraph of the will provides in the event the deceased should die leaving no children of her own surviving her or any issue of any deceased child or children then she gave, devised and bequeathed all the rest, residue and remainder of her property remaining after the payment of her just debts and funeral expenses and the legacy of $100 to her husband unto her aunts, Cordelia H. Howland and Caroline L. Peck, share and share alike.

The provision in respect to the trust provides for the application of the income for the benefit of the child until such child becomes twenty-five years of age, at which time the trustee is then directed to divide and distribute the principal of the said trust fund then remaining, together with all unexpended income, equally among said children (in this case said child) and among the issue of any such child that shall have died in such manner that the issue of any deceased child shall take and receive the share which their parent or parents would have taken if then living.

The only child of the deceased survived her and was twelve years of age upon her decease. Suppose such child should die

before attaining the age of twenty-five years, without issue. Certainly no estate vests in the child until she becomes twenty-five years of age. Should she die before the vesting of the estate without issue no provision is made for the distribution of decedent's estate since the provision attempted to be made in the fifth paragraph to the aunts of the deceased would apply only in case she died leaving no child or children, or the issue of any deceased child or children surviving her.

The determination whether the testatrix shall have died intestate as to any of her property must await until the time when the child shall reach the age of twenty-five years, or until such time prior thereto as she may have died leaving, or not leaving, issue.

Decree accordingly.