In the Matter of the Estate of ALICE D. JACKSON, Deceased.

Surrogate's Court, New York County, December 7, 1928.

*Niles & Johnson* [*Henry B. Johnson* of counsel], for the petitioners Katharine Seymour Day and another, as executors, etc., of Alice B. H. Day, deceased.

*Stewart & Shearer* [*M'Cready Sykes* of counsel], for United States Trust Company of New York and another, individually and as executors.

*Van Vorst, Siegel & Smith,* for Tuskegee Normal and Industrial Institute.

*White & Case,* for Bryn Mawr College.

*Taylor, Blanc, Capron & Marsh,* for Manhattan Eye, Ear and Throat Hospital.

*Thomas M. Day,* for Hartford Hospital.

Foley, S. This is an application to vacate and set aside the decree admitting the will and codicil of the testatrix to probate which was entered in this court on the 7th day of April, 1926. The decree had been made upon the waiver of citation executed by Alice B. H. Day, the mother, as one of the next of kin of the decedent, which in effect was a consent to the probate of the will. The petitioners seek to set aside this waiver. The mother originally commenced a separate proceeding for the relief sought here. She died on the 21st day of April, 1928, before the matter could be brought on for formal hearing. The petitioners, as executors of her estate, thereupon initiated an independent proceeding and the two matters have been consolidated by the usual form of order. It is claimed by the petitioners that the husband of the testatrix procured the waiver of citation in the probate proceeding to be executed by the mother and that she was induced to sign it by misrepresentation of the husband as to the contents of the last will, by concealment of the contents of prior wills, and by other acts which amounted to fraud and misrepresentation on his part. It is also contended that the will which has been admitted to probate was the result of undue influence exerted by him upon his wife.

The application must be denied. Testimony has been taken by me as to the facts surrounding the execution of the waiver by the mother, and upon this evidence I find no fraud, misrepresentation or other misconduct on the part of the husband in the transaction. At the time of the execution of the waiver the nature of the latter paper was explained to her, the general terms of the will stated to

her, and shortly thereafter a copy of the will was delivered to her. The mother's letter written at the time confirms the information conveyed to her. The will made no absolute provision for the benefit of the mother or the sister of the testatrix, who is the active petitioner in the present application. It did, however, suggest in precatory language that the husband provide part of the income given to him for the use of the mother and sister. Under the terms of the will this provision imposed a moral obligation not enforcible against him at law. No formal legal action was taken to set aside the probate until the filing of a petition in this court by the mother on February 6, 1928, almost two years after the admission of the will to probate. From this there necessarily follows a strong inference of laches. In *Matter of Leslie* (175 App. Div. 108, 112) a similar attempt was made to set aside a decree admitting a will to probate. Mr. Justice SCOTT, in writing for the Appellate Division, First Department, stated in his opinion as follows: " It is not open to any one, merely by asserting a nebulous claim to an estate, to ask that a solemn decree, admitting a will to probate be vacated, and a long and expensive contest be entered upon. He must first show with some degree of probability that his claim is well founded and that, if afforded an opportunity, he will be able to substantiate it." So here there is no evidence of bad faith or fraud on the part of the husband, or even the slightest indication of an attempt on his part to deceive the mother of the decedent in procuring the probate of the will, and upon this ground alone the motion to vacate must be denied. In view of my prior conclusion, the question as to whether the petitioners have met the second requirement of the court in *Matter of Leslie* (*supra*), viz., probability of a successful contest, becomes relatively unimportant. But in justice to the husband of the testatrix, it should be stated that the petitioners have not shown facts sufficient to afford a substantial basis for contesting the will nor reasonable probability of success to justify the opening of the decree admitting the will to probate. (*Matter of Leslie, supra; Matter of Elias*, 222 App. Div. 728.)

Assuming the most favorable inferences that may be drawn from the facts alleged by the petitioners tending to show the exercise of undue influence by the husband, the sufficiency of proof fails to meet the tests laid down by the authorities. The will was not a deathbed will or one made by testatrix in her last illness. It was made in 1924, almost two years before her death, at a time when she was in good health, and actively engaged in her domestic duties and in the social welfare work which appears to have strongly attracted her. The will is not an unjust will nor one usually found in cases of imposition. The husband is given only a life income of the residue, and the remainder of the trust and the great part of

the estate is bequeathed to four educational and charitable corporations. There is overwhelming evidence in the affidavits submitted to me and in the testatrix's letters that she was a dominant, vigorous minded woman of a type not susceptible to influence of any kind. The testamentary script reflects her own wishes as to the disposition of her estate rather than those of some other person. If all the evidence now offered by the petitioners had been presented as the contestant's case upon the trial of the probate proceeding, a direction of the verdict in favor of the admission of the will would be inevitable under the authorities. (*Matter of Ruef*, 180 App. Div. 203; affd., 223 N. Y. 582; *Matter of Price*, 119 Misc. 19; affd., 204 App. Div. 252; affd., 236 N. Y. 656; *Smith* v. *Keller*, 205 id. 39; *Matter of Kindberg*, 207 id. 220; *Matter of Brand*, 185 App. Div. 134; affd., 227 N. Y. 630.) In arriving at my determination of this application I have necessarily excluded from consideration any allegation of the husband within the prohibition of section 347 of the Civil Practice Act.

Submit order on notice denying the application accordingly.