In the Matter of the Estate of JOHN MAYER, Deceased.

Surrogate's Court, New York County, May 28, 1931.

*Kaye, McDavitt & Scholer*, for the petitioner.

*Julius R. Oltarsh*, for the claimants.

O'BRIEN, S. This is an application to reopen a decree on accounting and for the production of an alleged will. The deceased died on *the 12th of April, 1930*, leaving a daughter, Caroline Mayer, *as his only heir at law and next of kin*. She renounced her right to letters of administration and requested the appointment of the Chatham and Phenix Bank as administrator. Letters were issued to the latter on the 29th day of April, 1930. At the time of the death of the decedent, a complete search was made for a will through the personal effects of the decedent, and the examination of a number of safe deposit boxes but no will was found. Inquiries were made from various sources but elicited no information as to the existence of a will. On the 12th day of November, 1930, Frederick G. Mayer and Jacob Mayer, nephews of the deceased, presented to the administrator two claims in the respective sums of $6,240 and $7,500 for alleged services rendered to the intestate. Both these claims were rejected. *On the 23d of December, 1930, the administrator filed a petition for the* voluntary judicial settlement of its account as administrator. The only interested and necessary parties were the daughter, Caroline, and the two nephews as alleged creditors. The daughter waived the service of a citation and the two nephews appeared in the proceeding *by an attorney who now appears for them in this application*. No objections were filed by him within the eight-day period and the decree was thereafter submitted settling the account and disallowing the claims. The petitioners must be presumed to have been amply advised as to their rights because they appeared by an attorney. This application is entirely lacking in merit and all of the authorities are against the granting of the application upon the circumstances presented. (1) Their only interest in the estate so far as it appears is as creditors. (2) As creditors they have had their day in court and defaulted in pressing the rejected claims. (3) They have not shown any probability of success in the event of a reopening of the decree upon accounting. (*Matter of Leslie*, 175 App. Div. 108; *Matter of Elias*, 222 id. 728; *Matter of Schinasi*, 139 Misc. 459; *Matter of Jackson*, 134 id. 750; affd., 227 App. Div. 777.) The application is denied. The motion to compel the production of the will is also denied, it appearing that no will was found after a thorough search was made for the same. Submit order on notice accordingly.