In the Matter of the Estate of EFFIE BRAY, Deceased.

Surrogate's Court, New York County, February 13, 1932.

*Guggenheimer & Untermyer*, for the petitioner.

*William A. Marden* [*Marshal S. Marden* of counsel], for respondent David E. Oak.

FOLEY, S.   This is an application to reopen the decree admitting the will to probate.   The petitioner is a cousin of the decedent and a legatee under an alleged prior will.   He is not one of the next of kin.   He seeks the vacatur of the decree for the purpose of filing objections to the will admitted to probate, on the ground that the

testatrix was lacking in testamentary capacity and was unduly influenced by the respondent and others at the time of the execution of the will.

The will was admitted to probate and letters testamentary issued to the respondent on August 24, 1931, after service of a citation on all the parties necessary to be cited. Under the established practice, the petitioner was not entitled to citation in that proceeding as the alleged prior will under which he claims was not on file in this court. (Surr. Ct. Act, § 140.) His application is addressed to the discretion of the court.

To justify the opening of a solemn decree admitting the will to probate, there must be shown to the satisfaction of the surrogate: (1) The status of the applicant (*Matter of Davis*, 182 N. Y. 468, 472; *Matter of Erlanger*, 136 Misc. 784; affd., 229 App. Div. 778); (2) facts sufficient to afford a substantial basis for contesting the will, and (3) reasonable probability of success. A decree will not be reopened or vacated and a long and expensive contest permitted on the mere assertion of a claim to an interest in the estate. (*Matter of Leslie*, 175 App. Div. 108; *Matter of Lindsay*, 136 Misc. 555; affd., N. Y. L. J. Dec. 19, 1931; *Matter of Elias*, 222 App. Div. 728; *Matter of Jackson*, 134 Misc. 750; affd., 227 App. Div. 777.) In the present case the status of the applicant as a legatee under the prior will has not been shown. Ordinarily a *prima facie* interest would be established by mention as a legatee in an original will subscribed by the testator with the appearance of regularity of attestation by the subscribing witnesses. In the present application the petitioner produces only a copy of the alleged will. The respondent, the executor and sole legatee in the will admitted to probate, denies the existence of the alleged original prior will. He likewise states that he has no knowledge or information as to its whereabouts. The difficulty of proving a lost will has been demonstrated by experience. It must be shown under section 143 of the Surrogate's Court Act that " the will was in existence at the time of testator's death, or was fraudulently destroyed in his lifetime." There is no proof in the pending case that either of these essential elements could be established. If the original will was in the possession of the testatrix and is not found after her death, the presumption is that it was revoked by her. The difficulty of overcoming this presumption is demonstrated by the authorities. (*Matter of Staiger*, 243 N. Y. 468; *Matter of Kennedy*, 167 id. 163; *Collyer* v. *Collyer*, 110 id. 481.) The petitioner has not shown sufficient evidence of status as a party interested in the proceeding.

But entirely aside from the question of status, the applicant has failed to show facts sufficient to afford a substantial basis

for contesting the will and reasonable probability of success. Many of the statements included in the supporting papers would be incompetent as personal transactions with the decedent under section 347 of the Civil Practice Act. The affidavits of the respondent, on the other hand, clearly indicate the testamentary capacity of the testatrix and the absence of undue influence. The leading cases in this State on these two issues indicate the degree of proof necessary to set aside a will. (*Matter of Heaton*, 224 N. Y. 22; *Matter of Ruef*, 180 App. Div. 203; affd., 223 N. Y. 582.) Certain inferences upon which the petitioner relies either have been shown not to exist, or to have been satisfactorily explained. (*Matter of Elias, supra.*)

Submit order on notice denying the application.