In the Matter of the Estate of WILLARD H. JONES, Deceased.

Surrogate's Court, New York County, May 19, 1933.

*Herbert C. Smyth, Jr.*, for the petitioner.

*Auchincloss & Duncan*, for the Association for the Aid of Crippled Children.

*Metcalf, McInnes, Allen & Hubbard*, for the Church Mission of Help of the Diocese of New York, Inc.

*Samuel Riker*, for the New York Eye and Ear Infirmary and Home for Young Girls, Inc.

*Matthew B. Sentner*, for the New York Association for the Blind, a beneficiary.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the Maternity Center Association.

*Heywood & Benedict*, for The Society for the Relief of Destitute Blind, etc.

*Fraser, Speir & Meyer*, for Woodlawn Cemetery.

*Gould & Wilkie*, for the National Society for the Prevention of Blindness, Inc.

*William A. Kirk*, for the trustees of the Leake & Watts Orphan House.

*De Forest, Cullom & Elder* [*Neil P. Cullom* and *Frederick M. Schlater* of counsel], for The Charity Organization of the City of New York.

*Cadwalader, Wickersham & Taft*, for The Salvation Army, New York Association for Improving the Condition of the Poor, and St. Marys-in-the-Field, Valhalla (formerly known as The House of Mercy, New York).

*George N. Whittlesey,* for Children's Aid Society.

*Rathgeber & Noyes [Louis Roman* of counsel], for the executors, Thomas D. Carpenter and Bank of Manhattan Trust Company.

DELEHANTY, S. Testator died January 30, 1931, leaving a will dated November 7, 1930. A petition for probate of this will was filed February 4, 1931, naming certain first cousins as distributees. Objections filed to the will were withdrawn after an adjustment between proponents and objectants. A decree was entered October 31, 1931, admitting the will to probate. Petitioner asserts that she is in the same degree of kinship as the objectants upon the probate proceedings. Concededly she was not cited and did not waive citation and she alleges that she had no notice of the probate proceeding. She now asks that the decree admitting the will to probate be vacated and that she have leave to file objections. Her petition fails to set forth her proposed objections and nothing is furnished which warrants any assumption that she could have success in any contest. Until petitioner discloses a meritorious basis for attack upon the will and establishes reasonable probability of success in a contest thereof she may not obtain vacation of the decree. (*Matter of Leslie,* 175 App. Div. 108; *Matter of Jackson,* 227 id. 777; *Matter of Elias,* 222 id. 728.) Application denied without prejudice to a renewal upon the proper showing of facts entitling petitioner to relief.