In the Matter of the Estate of JULIUS DITTMAR, Deceased.

Surrogate's Court, New York County, December 19, 1934.

APPLICATION to open probate and for leave to file objections to will.

*Donovan, Leisure, Newton & Lumbard,* for Philipp Schreiber and others, petitioners.

*Irving Katz,* for Leon Lemle, executor.

*Bangser & Kaufmann,* for Isidor Block, executor.

*Jerome F. Donovan,* special guardian.

DELEHANTY, S. The sole distributees of deceased received no actual notice of the proceedings for the probate of his will. They all reside in Germany. They were served only by publication. They apply now to open the probate decree and for leave to file objections to the will. The will heretofore admitted to probate gives all of the estate of deceased to strangers to him in blood.

This court — as is the case with all other courts of record — has undoubted power to vacate a decree procured from it as a result of fraud. It conducted an inquiry to determine whether the proceedings which resulted in the decree now attacked were vitiated

by misrepresentation of fact or by concealment of fact. The testimony taken on this present application casts doubt upon the due execution of the will and in addition warrants query whether the will, if duly executed in form, was really the will of deceased.

As part of the record upon which probate was sought, proponents submitted to the court affidavits asserting affirmatively that there were no relatives of deceased and asserting affirmatively the making of searches and inquiries for such relatives. The will of deceased itself speaks of relatives in terms which necessarily imported their existence. One witness here testified that he made no inquiry for relatives though his affidavit on file asserts he did. It is now undisputed that among the effects of deceased were letters from an uncle of deceased's wife written from Germany, a baptismal certificate showing deceased's place of birth in Germany, receipts showing membership in an electrical union and receipts showing payment of dues in a verein. In addition there was oral evidence — credited by the court — that deceased shortly before his death received at least one letter from his own blood relatives in Germany condoling with him upon the death of his wife which had recently occurred. The letter in question was in a " desk " in the bedroom of deceased. This article of furniture is apparently the same one which is described by other witnesses as a dresser. Proponents profess not to have found this letter though they took possession of other papers. The wife of one of the proponents was said to have made a search of deceased's papers. It was she to whom the nurse in attendance on deceased spoke of the relatives of deceased. She is a chief beneficiary under the will. Indeed the relatives of the two executors take ninety-five per cent of the estate if the will is valid.

The will was drawn by the son of one of the executors. He is a law student whose family gets forty-five per cent of the estate. Apparently the first draft of it was not satisfactory to deceased. This law student and the executor whose family gets fifty per cent of the estate were the active parties in preparing the will and getting it signed by deceased. One of the neighbors was called in to witness the will. Her testimony concerning deceased's physical condition makes it gravely doubtful whether he possessed then the necessary testamentary capacity. Her testimony shows that the will was not read to deceased in her presence though the proof otherwise offered was designed to show that it had been. The whole circumstances require ventilation.

The court has not overlooked the decisions relating to the reopening of probate decrees. (*Matter of Leslie*, 175 App. Div. 109; *Matter of Jackson*, 227 id. 777; *Matter of Elias*, 222 id. 728; *Matter of Bray*, 146 Misc. 415; *Matter of Jones*, 147 id. 898, 899.) In the

*Leslie* case petitioner had a doubtful personal status and had not established any right to participate. In the *Jackson* case the application was to set aside a waiver which the petitioner to open the decree had signed. In the *Elias* case the court comments on the fact that matters upon which petitioners relied had been shown not to exist or to have been satisfactorily explained. In the *Bray* case petitioner was not one of next of kin but only a person interested under a different will. In the *Jones* case there was dispute of the status of petitioner as a distributee and it was clear that there had been an oversight of her (if it was an oversight) in entire good faith.

The question involved is whether there has been shown here " fraud, newly-discovered evidence, clerical error, or other sufficient cause " (Surr. Ct. Act, § 20, subd. 6). Whether " other sufficient cause " is established is addressed to the judicial discretion. (*Matter of Townsend*, 215 N. Y. 442; *Matter of Severance*, 106 Misc. 710; affd., 191 App. Div. 885; *Matter of Henderson*, 157 N. Y. 423, 426; *Matter of Shonts*, 229 id. 374, 381.)

The facts disclosed on this hearing establish that proponents concealed information available to them which might have guided the investigation that the court is required by statute to make. (Surr. Ct. Act, § 144.) They furnished affidavits which come within the condemnation of section 1626 of the Penal Law. They procured a decree to be entered without any actual notice to the distributees of deceased though they might readily have located them. The court had jurisdiction of course to enter the decree on the basis of the published citation, but on a showing such as is here made the court should not bar a hearing to the persons who alone are interested to search the transactions of these proponents with deceased and to aid the court in reaching a right result concerning this propounded paper.

It would be intolerable if persons who by the suppressions here disclosed had procured a decree to be entered should be able to say that though they committed a fraud on the court, the court may not reopen the decree and make a wholly new inquiry except upon a preliminary showing by those defrauded of their right to be heard that they had reasonable chance of success in a contest. The court itself is interested to assure that its processes are not abused. The court itself is interested that the inquiry charged upon it by statute is pursued under honest conditions and with all parties who should have been present given an opportunity to be heard.

Because of the facts disclosed in this inquiry the decree on probate will be vacated and the letters testamentary issued under it canceled. Petitioners here will be given leave within ten days after the decree of revocation is signed to file objections to the

probate if they so choose. If such objections are filed the issue raised by them will be put upon the trial calendar of the court for disposition. If no objections are filed, the court will itself examine into the facts attending the preparation and alleged execution of the propounded paper. (Surr. Ct. Act, § 144.)

Submit, on notice, decree accordingly.