In the Matter of the Estate of WILLARD H. JONES, Deceased.

Surrogate's Court, New York County, April 3, 1935.

*Herbert C. Smyth, Jr.* [*Herbert W. Hall* of counsel], for the petitioner.

*DeForest, Cullom & Elder* [*Neil P. Cullom* and *Frederick M. Schlater* of counsel], for the legatee, The Charity Organization Society of New York.

*Rathberger & Noyes,* for the executors, Thomas D. Carpenter and another.

DELEHANTY, S.  Deceased died January 30, 1931, at age seventy-nine, following injuries in an automobile accident.  The petition for the probate of his will, dated November 7, 1930, omitted from the list of distributees required to be cited on the probate the name of petitioner here who asserts that she is a first cousin of deceased.  The papers now presented suffice to establish that petitioner bore that relationship to deceased.

In March, 1933, petitioner applied to this court to vacate the decree of the court entered in 1931 admitting the will to probate.  That application was denied on the ground that petitioner had shown no meritorious basis for attacking the validity of the will.  Petitioner appealed, asserting that the decree admitting the will to probate was void as to her.  The Appellate Division affirmed the order denying petitioner's application.  Thereafter petitioner appealed, without permission, to the Court of Appeals, alleging that a constitutional question was involved.  The Court of Appeals disagreed with this contention of petitioner and dismissed her appeal (*Matter of Jones,* 147 Misc. 898; affd., 240 App. Div. 817; appeal dismissed, 264 N. Y. 401).

Petitioner now comes in and endeavors to show a meritorious basis for a contest of the will.  She asserts in effect lack of testamentary capacity by reason of senile dementia.  She asserts also undue influence, chiefly on the part of a cousin of deceased.  This influence resulted, petitioner says, in the procurement from deceased of the will and of a deed of trust dated the same day as the will under attack.

The decisions establish the legal principle that the court may require petitioner to show to the court's satisfaction that there is reasonable likelihood of her success in establishing an interest in

the estate of deceased before the court is required to reopen its proceedings. It is the view of the court that in circumstances such as are shown on this application the court must carry its inquiry beyond the immediate instrument attacked and ascertain whether in the whole history of deceased's testamentary dispositions there is shown to be such likelihood of success by petitioner as would warrant disturbance of this decree admitting the latest of deceased's wills to probate. It seems to the court a wholly fruitless and unwarranted act to open the decree heretofore made by consent of all distributees of deceased other than petitioner unless there is a showing that ultimately petitioner will establish an interest in her own behalf under a prior will or will establish that no valid will now in existence was ever made by deceased. The court ought not to be moved to rescind a decree acceptable to all parties in interest (save petitioner) with the knowledge that all that would be effected by so doing would be to give to her an opportunity to conduct a contest which even if successful would still leave petitioner wholly without any interest in the estate. The court should be reluctant to give to a litigant merely an opportunity to harass an opponent and by means of such harassment to procure from an estate the purchase price of peace. This should be so even if it be established, as apparently it is by this record, that other persons no better situated than petitioner have been bought off. Essentially the question is one which should be decided without regard to petitioner's disappointment because of non-inclusion in a group which — having been cited — obtained compensation for withdrawing their objections.

Looking to the testamentary history of deceased, it is shown that there are extant original wills and codicils of deceased dated respectively February 12, 1885, July 30, 1891, March 30, 1893, November 15, 1895, July 26, 1902, April 24, 1906, February 21, 1912, June 4, 1923, May 7, 1928, June 29, 1928, and November 7, 1930. The last listed is the one admitted to probate. Since deceased was seventy-nine years of age in 1931 he was thirty-three years of age when he made his first will, thirty-nine when he made his second, forty-one when he made his third, forty-three when he made his fourth, fifty when he made his fifth, fifty-four when he made his codicil to the fifth, sixty when he made his second codicil to his fifth will, seventy-one when he made his 1923 will, and seventy-six when he made his 1928 will and codicil.

His early wills provided for his sister and his mother. Both mother and sister are now dead. In 1895, when deceased was forty-three and while he was actively in a stock brokerage business of his own, he first made provisions for friends and for the cousin who is charged with undue influence. In 1902, when he was fifty

and still in active business as a stockbroker, he made for this same cousin greater provision than was made in any other will. In 1923, when deceased was seventy-one, he cut down the provision for this cousin and directed distribution of his residue, which was large, to twenty-two charitable corporations. In 1928, when he was seventy-six, he made the same provision for the cousin charged with undue influence and gave his residue to twenty-two charitable corporations. By the will under attack and by the deed of trust executed on the same day he gave to the cousin charged with undue influence the same property as that included in the wills of 1923 and 1928 and gave his residue to twenty-one charitable corporations.

In none of these testamentary provisions is petitioner mentioned at all. If petitioner were to succeed in an attack upon the will heretofore admitted to probate, she would have no interest in the estate of deceased by reason of such fact. She would become only an interested party in another will contest relating to the 1928 will. If she were to succeed in her attack upon that will, she would be faced with the necessity of still going on to attack the 1923 will. The terms of the prior wills bar this petitioner from any participation in the estate until and unless she destroys every will made by deceased back to a point where the result would be to establish intestacy in whole or in part. That intestacy could not be established unless all of the wills including the July, 1902, will are held invalid.

Nothing in the papers submitted on this application gives the slightest support for the belief that petitioner can so succeed in destroying the testamentary wishes of deceased. At the maximum, all that she has shown by her papers is a possibility that at the date when the latest will was signed deceased was affected by the bodily and mental infirmities of advancing years, that he may have been at times forgetful of his affairs and that by reason of weakness of body and mind he may have been susceptible to undue influence. In the circumstances here disclosed that is not enough. Illness, bodily infirmity and old age do not bar the right to make a will. Opportunity to exercise undue influence does not establish its exercise. The promissory features of petitioner's papers in their assertions of what will be established cannot be given serious consideration. The court must act upon a showing, not of opinions or of expectations, but of facts stated on the actual knowledge of parties competent to testify to them.

The court is not willing to establish a precedent that its processes may be used to establish merely a nuisance status which will permit a litigant to put his wares upon the counter and ask to be paid

a price for taking them out of the market. The showing of merits here made by petitioner does not suffice to invoke the power of the court to open its decree. The whole record negatives the idea that undue influence operated on deceased when the will and trust deed were executed. The consistency of his testamentary scheme over a long period and his activities as shown in the record leave little basis to the attack on deceased's will because of lack of capacity. A showing that near or remote relatives were mental cases establishes no incapacity in the case of this testator who amassed and cared for a large fortune during a long life. On all the proceedings had and on the papers here presented the discretion of the court should be and is exercised in denying petitioner's application. Submit, on notice, order accordingly.