In the Matter of the Petition of SELMA VICTORIA WESTBERG to Open and Vacate the Decree of Probate and for the Revocation of Letters Testamentary in the Estate of HILDA WESTBERG, Also Known as HILDA ELLIDA FLORINDA WESTERBERG, Deceased.*

CLARA L. GRUNTAL, Appellant; SELMA VICTORIA WESTBERG, CONSULATE GENERAL OF FINLAND, JULIA MATILDA BACKLUND, AXA KONSTANTIA WILHEMINA WESTERBERG, and KAARLO KUUSAMO, Attorney-in-Fact, Respondents.

First Department, June 10, 1938.

---

* Revg. 165 Misc. 728.

Alfred A. Cook of counsel [*Emil Goldmark* with him on the brief; *Cook, Nathan, Lehman & Greenman*, attorneys], for the appellant.

*Gustaf E. Drake*, for the respondents.

PER CURIAM. In the absence of fraud, misrepresentation or other misconduct, a petitioner seeking to open a decree admitting a will to probate must show facts sufficient to afford a substantial basis for the contest and reasonable probability of success. (*Matter of Elias*, 222 App. Div. 728; *Matter of Jackson*, 134 Misc. 750, 752; affd., 227 App. Div. 777; *Matter of Lindsay*, 136 Misc. 555, 557; affd., 234 App. Div. 841; *Matter of Jones*, 147 Misc. 898; affd., 240 App. Div. 817; appeal dismissed, 264 N. Y. 401; *Matter of Leslie*, 175 App. Div. 108.) The rule has been applied where, as here, the citation was served by publication (*Matter of Elias, supra*. Cf. Record on Appeal.) The facts adduced were insufficient to warrant the conclusion that petitioner's claim was well founded. We are unable to find evidence of concealment or fraud on the part of the executrix and sole beneficiary of the will in securing the decree of probate. The testimony of the subscribing witnesses established that the will was executed in the manner provided by law; there was no evidence to show lack of testamentary capacity on the part of the testatrix; and the contestant failed to show that undue influence had been exercised over the testatrix or that she acted under restraint.

The decree appealed from should, accordingly, be reversed and the application should in all respects be denied, with costs to the appellant payable out of the estate.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.; CALLAHAN, J., dissents.

Decree reversed and the application to vacate the decree of probate denied, with costs to the appellant payable out of the estate.