In the Matter of the Estate of ALBERT E. CULLEY, Deceased. CHARLES F. CULLEY, Petitioner; DAISY K. CULLEY, as Executrix of ALBERT E. CULLEY, Deceased, Respondent.

Surrogate's Court, Franklin County, November 25, 1942.

*Moore, Herron & Lawler* for petitioner.

*F. Ferris Hewitt* for respondent.

CAREY, S. In this proceeding to vacate and set aside the decree admitting the will of the deceased to probate, a motion has been made by the respondent, the executrix named in the will to whom letters testamentary were issued, to dismiss the proceeding on the grounds that the petitioner admitted in his waiver that the deceased was a resident of the State of New York at the time of his death, and that the petitioner is guilty of laches and is estopped from making this application. No answer has been filed to the petition as yet, so that for the purpose of this motion it is conceded that we must accept the facts as alleged in the petition which are substantially as follows: The will was admitted to probate by a decree of this court

dated September 17, 1937, upon the petition of the executrix named therein who alleged that she was the widow of the deceased and that he was a resident of the town of Harrietstown, county of Franklin, and further alleged that the estimated value of the testator's real property in this State was $5,000, consisting of a house and lot situated in Saranac Lake, Franklin county, New York, and that the estimated value of the decedent's personal property was over $100,000. The petitioner in this proceeding signed a waiver executed in the State of Massachusetts whereby he alleged that he was " one of the heirs at law and next of kin of Albert E. Culley, late of the Village of Saranac Lake, county of Franklin, State of New York," and appeared and consented and requested that the will be admitted to probate.

It is the claim of the petitioner that the waiver above-mentioned was obtained from him by reason of fraud practiced upon him by the executrix by her telling him that only she and the petitioner " had been remembered in Albert's will," and by the fraud of her Massachusetts attorney, who, it is claimed, asked the petitioner to sign the waiver in order to allow her to file the will for probate in the New York State probate court in order to save expense and taxes to the estate. It is further alleged that the petitioner received checks monthly until October, 1941, which were given to him under the guise of payments under the will, and when such payments stopped the petitioner started such investigation as led to this proceeding. It is the petitioner's further claim that the deceased was not in fact a resident of the county of Franklin at the time of his death but rather a resident of the city of Fitchburg, Massachusetts, and it is claimed that under the laws of Massachusetts the executrix would be entitled only to the share she would receive were there no will because of a statute there in force which provides that a marriage entered into after the making of a will revokes the same unless it is made in contemplation of marriage and in order to be so construed the will must expressly so state.

As previously stated the executrix-respondent moves for a dismissal of the petition upon the grounds of estoppel and laches. Her claim is that the petitioner is estopped by his own fraud from seeking relief by reason of his having accepted the payments for a period of about four years, and by reason of his having signed a waiver in which he referred to the decedent as being " late of Saranac Lake, Franklin County, New York." That the petitioner signed a waiver referring to the testator as being " late of Saranac Lake, Franklin County, New York,"

prepared by the executrix' attorney cannot in and of itself be construed as conceding that as his residence, for particularly to a layman such words do not connote residence and particularly such a paper should be construed against the maker thereof. Further, at most there could be nothing further than connivance at fraud on the part of the petitioner for certainly the executrix could not be deceived nor could there be any intent to deceive her by signing such a waiver; that the petitioner accepted the payments as made to him, when considered in the light of the facts alleged in the petition alone, does not prohibit him from seeking relief, but rather, in view of the facts as alleged, in part at least, explains away the delay attached to the bringing of this proceeding, and without deciding whether or not, independent of the question of fraud, the petitioner has been guilty of laches, we do hold that the facts as here alleged considering the charge of fraud are not such as to find him guilty of laches, on the authority of *Matter of Dittmar* (154 Misc. Rep. 28) and on the authority of the statement contained in volume 2 of Warren's Heaton on Surrogates' Courts (6th ed.), at page 77, which reads as follows:

" It is obvious that in some cases a false statement with regard to the residence of the decedent may be sufficient ground for revocation of the letters. This, however, might be based as much upon lack of jurisdiction as upon the making of a false statement. If the petitioner alleged that decedent died a resident of the surrogate's county and this thereafter proved not to be true it is obvious that the letters would be revoked for that lack of jurisdiction."

Accordingly, the motion should be denied, but there is another reason which justifies the denial of the motion. It has been argued that even though the decedent's true residence was in Massachusetts that this court would have jurisdiction to probate his will. This is true so far as statutory authority is concerned but hardly true in view of the lack of compliance of the pleadings with section 45 of the Surrogate's Court Act, which provides generally for the jurisdiction of the Surrogate to probate wills. Section 51 of the Surrogate's Court Act provides that the petition must substantially set forth:

" 1. The title of the proceeding, the name and residence of the person to whose estate or fund the proceeding relates.

" 2. The facts upon which the jurisdiction of the court depends to entertain the application and grant the relief asked for."

Thus, the only subdivision under section 45 with which the petition for probate could be deemed to comply would be subdivision 1, ▮ dealing with wills of residents. Each of the other subdivisions when read in light of section 51 would require a further allegation such as, death within that county, the situs of the personal property within that county and no other, or the situs of real property within that county and no other. Thus on the petition as presented the probate must stand or fail upon the allegation of the decedent's residence. That being so and again accepting for the purpose of this motion the facts as alleged in the petition as being the true facts, the motion to dismiss the proceeding to vacate would have to fail for the reasons that it would appear affirmatively from the facts as alleged in the petition that jurisdiction not only *in personam* would be lacking, because by the fraud in obtaining the waiver there would be no jurisdiction of a necessary party, but jurisdiction *in rem* would be lacking by reason of the noncompliance with the provisions of sections 45 and 51 of the Surrogate's Court Act.

Accordingly then the motion is denied.

At the time of the hearing briefs were filed not only for the purpose of this motion but also as to the procedure to be followed in the event the motion were denied. It is the claim of the executrix that whether or not the decedent was a resident of this county this court would nonetheless have jurisdiction to probate the will and that before the question of residence can be considered the moving party must first set aside the waiver. This argument is answered in part at least by the ruling hereinabove made. Whatever the ultimate outcome of this proceeding, however, there are only four possible findings and four possible results. They are as follows: 1. That there was no fraud in obtaining the waiver and that the decedent was a resident of this county, in which event the petitioner would fail absolutely. 2. That there was fraud in obtaining the waiver but that the decedent was a resident, in which event the petitioner would be entitled to have the probate reopened so as to enter objections to the probate of the will on grounds other than lack of residence. 3. That there was no fraud in obtaining the waiver and that the decedent was a nonresident, in which event the petitioner would be entitled to a reopening and a distribution according to the laws of the State of Massachusetts, except as

to the real property located in New York State. 4. That there was fraud in obtaining the waiver and that the decedent was a nonresident, in which event the result would be the same as in 3. Thus, it appears that only in the event the second contingency were found to be the ultimate result could the relief sought in this petition be finally disposed of by determining the question of fraud in obtaining the waiver alone, and here there is no allegation in the petition as to the will's being invalid by reason of incompetency, fraud or undue influence. In either event fraud either in the allegation as to the waiver or as to the residence goes to the question of jurisdiction either *in personam* or *in rem*, and, accordingly, so that the proceedings may be as simplified as possible and the litigation as limited as possible, it is the direction of the court that the issues as to fraud in the procurement of the waiver and as to fraud in the allegation as to residence be tried together so that, save for the contingency as outlined in 2 above, the matter would reach an ultimate determination.