In the Matter of the Estate of HERMAN HUG, Deceased.

Surrogate's Court, New York County, August 9, 1949.

*Edward W. Stitt, Jr.,* and *Charles F. Krause, Jr.,* for Herman C. Hug, petitioner.

*Frank Sowers* and *James H. Black* for Guaranty Trust Company of New York, as executor of Herman Hug, deceased, respondent.

*Hamilton McInnes* for State Tax Commission, respondent.

FRANKENTHALER, S. Petitioner seeks the vacatur of a decree of this court admitting the will to probate and he also requests the issuance of ancillary letters based upon the establishment in Switzerland of a later instrument which allegedly revoked the one probated here. The answers interposed by respondents formulate several issues. To facilitate the preparation for trial and to expedite the hearings, the court will fix the order in which the issues will be heard.

The first question to be taken up in proper order is whether the decree of this court dated October 25, 1941, shall be reopened and petitioner given permission to file an answer in the reopened probate proceeding alleging the revocation of the will dated May 7, 1934. It is settled law that the petitioner must establish his right to contest the will and must show facts sufficient to afford a substantial basis for contest and also reasonable probability of success. (*Matter of Elias,* 222 App. Div. 728; *Matter of Westberg,* 254 App. Div. 320; *Matter of Jackson,* 134 Misc. 750, affd. 227 App. Div. 777; *Matter of Lindsay,* 136 Misc. 555, affd. 234 App. Div. 841.) The court will accordingly take proof first on the defense interposed by the executor that petitioner is estopped to contest the 1934 will, and, secondly, as to the reasonable probability of petitioner's success on the question of revocation.

There is no necessity for a preliminary hearing on the question raised in the answer respecting the jurisdiction of this court. If the initial proceeding in this estate were an applica-

tion for ancillary letters and it appeared that assets located here at the time of death had been removed from the State prior to the making of the application, the court might lack jurisdiction. (*Matter of Rogers,* 225 App. Div. 286, affd. 254 N. Y. 592.) The fact is, however, that the will of this decedent was admitted to probate in this court as the will of a nonresident who died leaving assets here, the executor took possession of the assets and it administered them pursuant to the will under the authority granted to it as executor. This court has jurisdiction of all further proceedings in this estate. (Surrogate's Ct. Act, § 44.) The fact that the executor has distributed the assets does not deprive the court of jurisdiction. This court has the power to compel the executor to account (Surrogate's Ct. Act, § 257-a), the power to direct a proper distribution of the estate and, as an incident thereto, the power to order the refund of any property heretofore distributed erroneously. (Surrogate's Ct. Act, § 20, subd. 6-a.)

The questions respecting the right of the petitioner to ancillary letters need not be passed upon unless the court determines that the will disposing of the American assets has been revoked by the later Swiss will. The question of domicile raised by the State Tax Commission need not be determined preliminarily.

The court will accordingly take proof on the preliminary issues as hereinabove outlined on the 25th day of October, 1949, at 2:15 P.M.

Proceed accordingly.