S. Samuel Di Falco, S.
Two persons, who allege status as legatees under a prior will, move to vacate the decree admitting an instrument dated July 16, 1957 to probate as the last will of the decedent. The petitioners are legatees under the probated will. However, under an instrument dated February 16, 1945, the petitioners are the sole legatees. They contend that the instrument admitted to probate is not the will of the decedent, but is a forgery. Their theory is that the last three pages which contain the signature of the decedent, the signatures of the witnesses and provisions specifying the powers and authority of the fiduciaries, represent a portion of an instrument executed by the decedent; but that the first four pages, which contain all of the legacies and the appointment of the executrix, were fraudulently substituted for pages of the original will. The petitioners *357 ‘‘ charge therefore that there has been a substitution of the true will by a forged or fabricated document now filed in Court.”
The matter was set down for hearing on the issues of forgery, fraud and substitution of pages. The hearings have been concluded. The first question argued by the petitioners in their brief is whether they are required to establish a meritorious basis for the contest of the will or need merely show a charge of fraud against the executrix and her attorney. They rely upon the decisions in Matter of Hinderson (4 Misc 2d 559) and Matter of Teller (277 App. Div. 937) as authority for the proposition that where the attack on the probate decree is based upon fraud, the petitioner is not required to show a reasonable probability of success in the will contest, but is entitled to a. vacatur of the decree upon the mere allegation of fraud.
In the cases discussed by the petitioners in their brief, the fraud alleged by the petitioner was not one of the bases of challenge to the will itself but was the basis of a charge that petitioner was either prevented from filing timely objections to the probate or was misled into withdrawing his objections. Thus the basis of attack upon the probate decree was entirely separate and distinct from the basis of attack upon the will. The courts have quite properly held that when a party has been misled or defrauded into not interposing objections to the probate of the will or into withdrawing objections already filed, the decree will be vacated as soon as the fraud is established. The rule is well stated by the late Surrogate Delehanty : “ It would be intolerable if persons who by the suppressions here disclosed had procured a decree to be entered should be able to say that though they committed a fraud on the court, the court may not reopen the decree and make a wholly new inquiry except upon a preliminary showing by those defrauded of their right to be heard that they had a reasonable chance of success in the contest.” (Matter of Dittmar, 154 Misc. 28, 30.) Once it is established that the decree was procured by fraud, imposition and corrupt action, the decree should be vacated and the parties restored to their original position. However, what the- petitioners overlook is that in all of these cases, the fraud in procuring the decree was established at the preliminary hearing. In Matter of Teller (supra), although the court held that the petitioner was not required to allege facts sufficient to afford a reasonable probability of success “ in the prospective will contest ”, there must ‘ ‘ first be a trial of the issues raised by the petition and answer ”, namely, the issue of fraud. The court pointed out that “ the validity of the will [was] not yet in issue.” The decision in Matter of Callahan (273 App. Div. 884) clearly points *358 to the distinction between an attack upon the decree by one who claims that he was misled into not interposing objections to the probate of a will, and an attack by one who asks to be relieved of his default and permitted to contest the will. In the former, there need only be ,a “ convincing showing ’ ’ that petitioner was misled; in the latter case, there must be a “ satisfactory showing of a substantial basis for contesting the will and reasonable probability of success.” In all of the cases involving fraud, the basic requirement is that the fraud or imposition be clearly established. (1 Jessup Redfield, Surrogates Law and Practice [rev. ed.], p. 219; 95 C. J. S., Wills, § 511, p. 523.)
The petitioners do not claim that there was any fraud or inequitable conduct in the suppression of the earlier will. They allege that a few weeks after the probate decree, they found the earlier will in the office of another attorney, who is not connected in any way with these proceedings or with any of the parties. They do not pretend that any other party knew anything at all about the earlier will. They do not claim that they discovered the alleged forgery after the probate decree. On the contrary, they affirmatively alleged that they questioned the authenticity of the later will on the very night that it was read to them after the decedent’s death, and that one of them consulted her attorney respecting it. The petitioner was advised that not being a distributee and there being then no evidence of an earlier will, she had no status to contest the propounded will. It was only after discovery of the earlier will that the petitioners felt that they were in a position to initiate the contest. The petition does not allege fraud or imposition except as they are implicit in the charge of forgery and fabrication of a spurious will. It does not directly name the perpetrators of the alleged forgery, although it is plain that the charge must be directed against the executrix, who is a principal beneficiary, and her attorney.
The petitioners’ case at the hearing was just as vague and inconclusive. An expert testified that the ink on the last three pages was different from that on the first four and that certain typing techniques differed on the last three pages as contrasted with the first four. However, he said that the same typewriter was used on all of the pages and that the paper was the same throughout. He concluded that the pages were typed at two different times by two different typists. The stenographer who typed the will testified for the respondent. What the expert considered two different typing techniques appeared to be all part of a standard practice for this typist. The attorney also testified as to the preparation and preservation of the will.
*359 The petitioners called two other witnesses who testified to conversations with the decedent in 1958 about her will. A friend testified that the decedent showed her a paper which she had taken from a closet, told her that it was her will and that she had left everything to the petitioners. The witness was not in a position to read the instrument or to identify it, but she thought that it did not have as many pages as the probated will. The petitioners contend that this testimony of the decedent’s will being in her possession in 1958 puts in issue the attorney’s testimony of his having the will in his safe. An employee testified to the decedent’s declaration in 1958 that everything she possessed would go to the petitioners upon her death.
The evidence reveals no substantial basis for contesting the will. The petitioners’ case is based upon suspicion, and even the suspicions vanish completely in the light of the testimony of the attorney and his stenographer. It is so lacking in substance that the petitioners do not even argue that they have shown a meritorious case; they insist that the burden of proving the will is upon the proponent and that in view of their charges, they have a right to trial by jury of the issue.
The Appellate Division long ago stated the applicable rule and the reason underlying it: “ It is not open to anyone, merely by asserting a nebulous claim to an estate, to ask that a solemn decree admitting a will to probate be vacated, and a long and expensive contest be entered upon. He must first show with some degree of probability that his claim is well founded and that, if afforded an opportunity, he will be able to substantiate it.” (Matter of Leslie, 175 App. Div. 108, 112; see, also, Matter of Jones, 147 Misc. 898, affd. 240 App. Div. 817.) The petitioners are able to explain satisfactorily why they did not file objections during the course of the probate proceeding. However, they have failed completely to show that they have a meritorious case or that they have any reasonable basis for opposing the probate of the will. The application to vacate the decree is denied.