Maurice D. Isexbergh, S.
Application has been made to this court by Ann E. Stowell, a sister and a distributee of the decedent, for an order vacating and setting aside the decree of this court granted and entered herein admitting the alleged last will and testament of the deceased to probate and vacating and setting aside letters testamentary issued thereunder and for a direction that a citation be issued to the petitioner so that she may attend the probate proceeding of said alleged last will and testament of said deceased and be heard in connection therewith and so that she may file objections thereto and for *793 such other and further relief in the premises as to the court may seem just and proper.
Upon presentation of the petition an order to show cause was granted thereon by the court returnable on the 28th day of February, 1961. On the return day of the order to show cause the attorney for two of the legatees named in the will appeared specially and objected to the court entertaining the motion on the ground that his clients had not been served. Since then he has withdrawn both his special appearance and objection. That question is, therefore, no longer before the court.
There is before the court, however, a motion made on the return day by the attorneys for the Union National Bank, the executor named in the will, and Virginia Elwood, a distributee and also a legatee under the will, respondents herein, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for an order dismissing the petition for legal insufficiency. On this motion the court is confined to the petition and the allegations of fact therein must be assumed to be true. (Matter of Jackson, 134 Misc. 750; Matter of McKinney, 125 N. Y. S. 2d, 705, 710; Matter of Teller, 277 App. Div. 937; Tripp, Guide to Motion Practice [rev. ed.], pp. 242, 245.)
The petition to vacate the decree of probate may be considered to be based upon an averment that the petitioner was not served with process. It may also be considered to be based, because of the petitioner’s alleged mental and physical condition at the time service of the citation was made, upon a claim of constructive fraud. It has been held that upon an application to vacate a decree of probate the petition must allege facts sufficient to show a meritorious basis for attack upon the 'will and a reasonable probability of success in a prospective will contest. (Matter of Jones, 147 Misc. 898, affd. 240 App. Div. 817, appeal dismissed 264 N. Y. 401.) That case has been distinguished on the ground that there was therein a dispute as to the status of the petitioner as a distributee. (Matter of Dittmar, 154 Misc. 28, 30.) It has been generally held, however, that where a petition to vacate a probate decree is grounded upon fraud, the petition need not state grounds showing a reasonable probability of success in the will contest. (Matter of Teller, 277 App. Div. 937, supra; Matter of Westberg, 254 App. Div. 320.) The court having considered the petition to be based upon failure to serve a citation on the petitioner, Ann E. S'towell, and upon the further ground of constructive fraud, the motion of the respondents is therefore denied.