■ In the Matter of the Estate of GEORGE H. TOOKER, Deceased. JOAN T. COPLEY, Appellant; DOMINICK E. FRABONI et al., Respondents.— HAMM, J. After admission of the testator's will to probate the appellant applied to the Surrogate's Court for an order vacating and setting aside the decree, revoking letters testamentary and granting leave to her to revoke and withdraw her waiver of citation and consent to probate. This appeal is from the order denying the application. The Acting Surrogate found that there was no fraud either actual or constructive practiced on the appellant and we agree. "In the absence of fraud, misrepresentation or other misconduct, a petitioner seeking to open a decree admitting a will to probate must show facts sufficient to afford a substantial basis for the contest and reasonable probability of success." (Matter of Westberg, 254 App. Div. 320, 321, app. dsmd. 279 N. Y. 316, mot. for rearg. den. 283 N. Y. 589; see, also, Matter of Abrial, 286 App. Div. 916.) The will is dated May 10, 1954. The attestation clause is dated May 10, 1953. The appellant waived service of citation and consented to the probate of the will "bearing date May 10, 1954". The surviving subscribing witness swore that he and the other subscribing witness subscribed their names at the end of the will as attesting witnesses to the execution at the request of the deceased and in his presence and in the presence of each other. An attestation clause is no part of the will and is not required as part of its execution by any law (Jackson v. Jackson, 39 N. Y. 153, 159; Matter of Mack, 21 A D 2d 205). The obviously erroneous date in the attestation clause is immaterial and insignificant. We make the further finding that the appellant has failed to show facts sufficient to afford either basis for contest of the will or reasonable probability of success were the decree to be vacated. On the last day of the trial and during reception of the appellant's evidence in rebuttal application was made by the appellant for an order to take the deposition of a physician who was a general practitioner, "not a psychologist". On

the application the appellant's counsel stated that the respondents had offered testimony of lay persons as to how the appellant "appeared to third parties not on how she was or whether she could understand but how she appeared" and asked for opportunity to offer testimony through deposition "by a witness who would be in a position to testify as to how she appeared to others trained [*sic*] at or about the same time." The court held that as to how the appellant appeared would be limited on rebuttal to particular occasions that were testified to by the respondents' witnesses. The appellant excepted to this ruling and, apparently because of the court's circumscription of the scope of the rebuttal, did not further press her application to take the deposition of the witness. The error, if any, was in result insignificant. Had the deposition of the witness sought to be examined contained the evidence which the appellant wished to elicit, it would not, in view of the other evidence in the case, have altered our judgment. Order affirmed, with costs to respondents payable from the estate. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur.