OPINION OF THE COURT
Millard L. Midonick, S.
This is a proceeding to set aside a decree admitting a will to probate, subject to an agreement of compromise.
Decedent, Mary Elson, executed a will on October 22, 1976, leaving her entire residue to two nieces, Marilyn Costello and Lillian Messina. She died December 24, 1976. Marilyn Costello, the nominated executrix of the will, was issued letters testamentary on October 11, 1977 subject to an agreement of compromise entered into among the only interested parties, to wit, the two legatees and Gloria Accetturi Parr, granddaughter and sole distributee of decedent.
Petitioner, Dorothy Ferrara, who is also a niece of decedent, alleges that the agreement of compromise should be set aside because Gloria A. Parr, if a grandchild at all, is the out-of-wedlock daughter of the decedent’s son, Louis Accetturi, and is thus not a distributee and that petitioner, as a distributee and an interested party, had not been cited in the probate proceeding. Petitioner alleges that the predeceased son of the decedent was not married to the mother of Gloria Accetturi Parr.
“It is not open to any one, merely by asserting a nebulous claim to an estate, to ask that a solemn decree admitting a *985 will to probate be vacated, and a long and expensive contest be entered upon. He must first show with some degree of probability that his claim is well founded and that, if afforded an opportunity, he will be able to substantiate it.” (Matter of Leslie, 175 App Div 108, 112.) But Matter of Leslie, just quoted, was also based upon a more fundamental proposition, that to reopen a decree, the petitioner must "show that he is a person interested in the estate of the decedent”, that is to say, such person must show that he is a distributee if claiming intestacy, or some kind of beneficiary if probate is not in issue.
If petitioner’s standing to contest probate here were to be disproved, then Matter of Jones (147 Misc 898, affd 240 App Div 817, app dsmd 264 NY 401) would surely block reopening of the probate decree. In Jones, it was held that a petitioner who was not cited and alleged she had no notice of probate proceedings could not have the decree admitting the will to probate vacated because she did not disclose a meritorious basis for attack. (Cf. Matter of Tooker, 21 AD2d 928; Matter of Sandow, 25 Misc 2d 356, affd 13 AD2d 451, app den 13 AD2d 912; Matter of Elias, 222 App Div 728.)
It is true that the broad language of Matter of Jones (supra) has been questioned in Matter of Rank (14 AD2d 644, mod 15 AD2d 609) on the ground that if petitioner has the requisite status or standing, then failure to cite her would enable her to proceed de novo on the basis of jurisdictional defect, citing Matter of Leslie (supra). Also cited by the Appellate Division in Matter of Rank (supra), is Matter of Roe (281 NY 541, 547), which is said to be implicitly inconsistent with the earlier Matter of Jones (supra) where despite standing the petitioner was denied reopening on the ground of lack of merit rather than lack of jurisdiction.
The basic problem is plainly the difference in treatment of a petitioner who has been denied due process (if petitioner has standing) and one who is not entitled to due process if not interested because of lack of standing. All of these cases can be reconciled, however, upon the resolution of what is due process. Due process can be afforded with or without a full hearing, depending upon principles similar to whether or not summary judgment can be granted. In addition, due process does not depend upon whether the issue is standing or merit, because either one of these issues can either require or not require a hearing or trial, depending on whether the issue can or cannot be fairly resolved on papers. In Jones (supra), the *986 Court of Appeals evidently regarded papers as sufficient due process even on the issue of standing. Roe (supra), a later Court of Appeals decision, held that a prior decree construing a will was "not binding or conclusive upon the [interested] party who was not cited and failed to appear”. (Matter of Roe, 281 NY 541, 547, supra.) Similarly, where a relationship as a brother was discovered after probate had been decreed, another court did not need a hearing to reopen a conceded jurisdictional defect. (Matter of Rank, supra.)
So, in order for petitioner to be successful here, she must, as a niece, show the need for a hearing to undermine the status of a closer relative, a grandchild, whose status negatives any interest on the part of the petitioning niece.
A summary judgment finding that the grandchild is indeed legitimate is plain from the documentary evidence offered in opposition to the petition to reopen the probate decree. Petitioner is being afforded full due process in that her papers, as well as respondent’s papers, establish de novo that no injustice has been done. The petitioner’s evidence is outweighed by the documents presented by the respondent granddaughter to prove legitimacy, to wit, (1) her birth certificate with Louis Accetturi listed as her father and signed by him; (2) the marriage license of Louis Accetturi and respondent’s mother; (3) her school records with Louis Accetturi listed as her father; and (4) an insurance policy of Louis Accetturi with respondent listed as his daughter.
The fact that the father and mother of respondent were not married at the time of her birth is irrelevant to the question of legitimacy pursuant to the laws of both New York and Georgia, the domicile of Louis Accetturi and his wife. "The marriage of the mother and reputed father of an illegitimate child, and the recognition of such child as his, shall render the child legitimate.” (Georgia Code Ann, § 74-101.) Section 74-201 of Georgia Code Ann states: "An illegitimate child, or bastard, is a child born out of wedlock, and whose parents do not subsequently intermarry”. In Morris v Dilbeck (71 Ga App 470) the Georgia court citing these two sections held that the two requirements for legitimization had been met: the subsequent marriage of the mother and father and recognition by the father that the child was his. New York law is clearly in accord. Subdivision 1 of section 24 of the Domestic Relations Law states that: "A child heretofore or hereafter born of parents who prior or subsequent to the birth of such child *987 shall have entered into a civil or religious marriage * * * is the legitimate child of both natural parents”. Therefore, the subsequent marriage of the parties had the effect of legitimatizing the respondent.
Accordingly, the court must hold that petitioner has not established her standing or interest as a distributee in view of the grandchild respondent being the only distributee; there is also no substantial basis for the contest nor reasonable probability of success to invalidate this will even if petitioner had standing. Neither issue is proved to be triable and due process therefore does not require a trial. The first issue (lacking of standing) is alone dispositive. Accordingly, petitioner’s motion to set aside the decree admitting will to probate is hereby denied.