■ In the Matter of the Estate of DOROTHY GREENE, Deceased. RICHARD SPRING, Appellant-Respondent; ALAN I. GREENE et al., Respondents-Appellants. [660 NYS2d 1002] —In a proceeding to vacate a decree dated July 11, 1994, which admitted to probate as the last will and testament of Dorothy S. Greene, deceased, a will dated February 27, 1994, (1) the petitioner appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated June 21, 1996, as dismissed the petition with prejudice, and (2) the respondents cross-appeal from so much of the same order as denied their application for attorneys' fees.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the petitioner's contentions, the Surrogate's Court did not err in dismissing his petition seeking to vacate the decree which admitted the decedent's February 27, 1994 will to probate. "A decree will not be reopened or vacated and a long and expensive contest permitted on the mere assertion of a claim to an interest in the estate" (Matter of Bray, 146 Misc 415, 416). In order for the decree to be vacated, it must appear that there is a substantial basis for the contest and a reasonable probability of success on the part of the petitioner

(see, *Matter of Elias,* 222 App Div 728; *Matter of Leslie,* 175 App Div 108; *Matter of Elson,* 94 Misc 2d 983; *Matter of Sandow,* 25 Misc 2d 356, *affd* 13 AD2d 451).

Here, the petitioner failed to sustain his burden. The record shows that although the decedent was frail in health, she had an alert mind, and was, in fact, able to recognize one of the attesting witnesses whom she had only met once several years before. The record further shows that the several changes in the will were explained to the decedent and that she appropriately signified her agreement with the changes.

The Surrogate did not improvidently exercise his discretion in denying the respondents' application for attorney's fees. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.