In the Matter of the Estate of REUBEN M. ISAACS, Deceased.

Surrogate's Court, Queens County, February 7, 1935.

*Marks & Marks,* for the executors.

*Abraham L. Bienstock,* for the contestants.

*Abraham I. Smolens,* for the Hebrew National Orphans Home.

*Fletcher & Brown,* for the Federation of Protestant Welfare Agencies, Inc.

*Abraham M. Lowenthal,* for the Young Men's Hebrew Association of Borough Park, Inc.

*Bachrach, Bachrach & Bisgyer,* for the Brooklyn Federation of Jewish Charities.

*Charles Howard Levitt,* for the Harlem Home of the Daughters of Israel, Inc.

*Furst, Schwartz & Schwager,* for the United Jewish Aid Societies of Brooklyn.

*Saul K. Ellenbogen,* for Camp Sussex, Inc.

*Gillespie & O'Connor,* for Catholic Charities.

*Auchincloss & Duncan,* for the Association for the Aid of Crippled Children.

*N. Holmes Clare* for the Catholic Institute for the Blind.

*Emil Goldmark,* for the Federation for the Support of Jewish Philanthropic Societies of New York city.

*Joseph V. Mitchell*, for the Catholic Guardian Society.

*Lord, Day & Lord,* for the Society for the Relief of Half-Orphans and Destitute Children.

*Charles Franklin*, for Dana Zehren and another.

HETHERINGTON, S. Freda de Saas and Dana Zehren, sisters of the decedent, ask leave to withdraw waiver of citation and consent to probate of his will. It appears that these ladies are well educated, versed in the English language, of business experience and by no means unsophisticated. On December 14, 1934, a meeting of the relatives was had after the funeral; thereat the lawyer who drew the will, read a copy of it to the assembly and general satisfaction was expressed by various comments on its provisions. These sisters, however, say that they did not join in such approval but nevertheless they admit that they made no sign of objection thereto. The lawyer thereupon stated that it would facilitate probate if all signed waiver of notice and consented thereto and, this being agreed to, he sent to his office for the necessary forms and a notary public. These arrived in about an hour or so and on such arrival the forms were distributed to those present and their purpose explained. Some of the relatives very emphatically proclaimed their willingness to sign, others readily followed; again the sisters said nothing according to their testimony, but it is testified by others that they nodded assent; be this as it may, they again admit that they made no objection. The lawyer testifies that he then said to all in substance that if they signed the waiver they could not contest the will. The documents were then signed and acknowledgments of the several persons taken by the notary. None save these two sisters seeks to revoke such consent. These sisters now say they were told the signing of the paper was a mere formality, that they did not understand it and intimate that no opportunity was afforded to read and comprehend its meaning. This is not supported by the evidence; indeed Dana Zehren admitted on cross-examination that the statement in her affidavit to the effect that no opportunity to read the paper was given was not true, that when she made such statement in the affidavit she knew it was not true, that she told a lie. Both admit that they fully understood the provisions of the will, what was left to them and what to other beneficiaries; neither had any thought of contest at the time. It is difficult to understand the change of mind. Suppose they were allowed to withdraw their consents, what is to be gained? They say their brother (decedent) was a successful business man who managed his affairs; that he suffered no mental impairment; that he was in possession of his faculties and as for any suggestion of undue

influence used in the making of the will, none is found save that they thought the lawyer might have had something to say thereabout. His bequests are to relatives and to charities of various religious denominations. What hope of successful contest appears here? The waivers were signed and acknowledged with due formality; no fraud or misrepresentation in procuring them is shown; to set them aside without some facts appearing on which to lay the foundation for objections would be to act upon mere whim, would cause needless delay and involve unwarranted expense. Application denied.