In the Matter of Proving the Last Will and Testament of HENRIETTA F. LAMERDIN, Late of the County of Queens, Deceased.

JOHN P. LAMERDIN, Contestant, Appellant; GRACE D. MCKENNA and Another, as Executors, etc., of HENRIETTA F. LAMERDIN, Deceased, Respondents.

Second Department, February 26, 1937.

Edward H. Wilson, for the appellant.

Edward J. Pigott, for the respondents.

DAVIS, J. A decree of the surrogate has admitted to probate the will of Henrietta F. Lamerdin over the objections of her husband, the appellant. There was a trial before the surrogate and a jury on framed issues; but the surrogate directed the jury to answer all questions in favor of proponents.

In 1922, Lamerdin and his wife had arranged to make a trip to Europe and planned to leave on May twenty-seventh. Prior to this time a brother of the testatrix, his wife and daughter had perished in a common disaster; and there had been litigation in the Surrogate's Court in respect to the descent of the property of these persons. Mr. Lamerdin was counsel in this proceeding. His wife was present at the trial and was familiar with the facts. The trial had been completed on May eleventh.

There is proof that under these circumstances the husband and wife agreed to make mutual and reciprocal wills in contemplation of a possible common disaster. Their wills by their terms were to be revoked on the return from this journey. The husband executed such a will, but, for the reason that he did not wish to draw his wife's will, he sent her to her brother, a lawyer, to have it prepared. The wife was furnished a copy of the husband's will when she went to her brother's office, about May 24, 1922, with the ostensible purpose of having a similar will prepared; and her will was there executed. The brother had previously been informed of these facts. There is no evidence to the contrary in the record.

There are depositions of disinterested witnesses, relatives of the testatrix, that on this visit at their home in England she informed them that she had made such a will. The husband and wife returned to their home in September, 1922; and there is proof that an effort was made to obtain from her brother possession of the will the wife had executed, and that he said it was lost or destroyed. This proof is undisputed. There is proof, also undisputed, that the husband and wife lived in a happy and affectionate relationship.

Henrietta F. Lamerdin died August 19, 1935. The will that she executed on May 24, 1922, is the one offered for probate. It was not the will said to have been agreed on at that time. She made bequests of practically no value to the husband; and the principal

part of the estate was given to her brother and sisters. The amount of her estate is not stated, for evidence in that respect was excluded. The petition for probate says that it consists of real and personal property " over " $20,000 in value. Evidence of the value is competent. (*Matter of Woodward,* 167 N. Y. 28.)

The will was drafted, at the request of the brother, by a lawyer associated with him in the office. He testified that Mrs. Lamerdin gave him instructions concerning the provisions of the will, and that after it had been typed she read it over in his presence and expressed satisfaction with its contents. He and two other lawyers in the same office were the subscribing witnesses. These latter witnesses apparently were not informed as to the provisions of the will. All three, on the trial, made the usual formal proof of execution.

This state of facts indicates that there was lack of good faith or fraud on the part of some person or persons. It may be that the wife deliberately broke faith with her husband in the compact of making mutual wills, and had one drafted according to her own wish. If that were the fact the husband would be remediless, for the mutual wills were intended to be only temporary. After Mrs. Lamerdin returned she was at liberty to draw a will disposing of her property as she wished — at least until September 1, 1930, when amendments in 1929 to the Decedent Estate Law became effective.

There is another possible reason for the change of plan in respect to the will. It may be, as appellant contends, that the change was made by one interested in becoming a beneficiary, and that by connivance and fraud the testatrix was induced to make formal execution of a will that did not represent her dispositive intent. If that fact had been established by satisfactory evidence, a jury might find that the proposed will was invalid.

The doctrine has been long established in this State that it is the duty of the proponent of a will to make sufficient proof that the paper offered for probate does declare the will of decedent, to the end that the court or jury may be satisfied in that respect. (*Delafield* v. *Parish,* 25 N. Y. 9, 34, 35; *Rollwagen* v. *Rollwagen,* 63 id. 504.) If a will is prepared by one who takes a benefit under it, or by one associated with him under his direction, such a circumstance naturally excites suspicion and may call for some explanation before the will can be admitted to probate in a contested proceeding. (*Delafield* v. *Parish, supra,* p. 36.) Generally speaking, depending on the proof, a question of fact is presented in such a case.

The fact that there is proof of formal execution is not conclusive in a case where fraud is asserted and the claim is supported by

facts and circumstances from which reasonable inferences may be drawn that the will did not represent the dispositive purpose of the signer. The credibility of a draftsman and subscribing witnesses in such a case is for the jury to determine. (*Matter of Kindberg*, 207 N. Y. 220, 226, 227; *Matter of Matulewicz*, 243 App. Div. 204.) That rule applies to this case. The degree of proof varies in particular cases. Here, we think that a question of fact was presented as to whether the will propounded was in fact one representing the intent and purpose of testatrix, or whether it was one that she executed through deceit, fraud or connivance practiced upon her. It was error to direct a verdict. There should have been submitted to the jury questions, in substance: Was the paper executed by Henrietta F. Lamerdin on May 24, 1922, executed by her with full knowledge of its contents? Was the execution of such paper caused or procured by the deceit, fraud, or connivance of any person or persons?

There were numerous errors in respect to the exclusion of evidence which need not be enumerated, for it may be assumed that on a new trial they may not be repeated. We refer particularly to the exclusion of competent evidence on objections based on section 347 of the Civil Practice Act; the exclusion of parts of the depositions relating to conversations between the decedent and her cousins in England; and the telephone conversation of the brother with them after Henrietta had died.

The decree should be reversed on the law, with costs to the appellant, payable out of the estate, and the matter remitted to the Surrogate's Court for a new trial before a jury.

Lazansky, P. J., Hagarty, Johnston and Close, JJ., concur.

Decree of the Surrogate's Court of Queens county reversed on the law, with costs to appellant, payable out of the estate, and the matter remitted to the Surrogate's Court for a new trial before a jury.