James A. Foley, S.
In this probate proceeding, the petitioner, Buth S. J. Anthony, a niece and one of the next of kin of the testator, applied for the confirmation of the withdrawal of her waiver of citation and for leave to file objections to probate.
The so-called withdrawal of the waiver was attempted to he filed in the form of an acknowledged instrument. It was duly rejected because of the lack of any authority for such procedure. A person interested, whose acknowledged waiver of citation and consent to probate have been filed, may only obtain its withdrawal by a direct application to the Surrogate on notice to the other parties.
Extensive testimony was submitted on behalf of the proponent of the will, the widow of the testator, and on behalf of the petitioner.
The pattern of the evidence was, in effect, similar to that in an application to vacate a decree admitting the will to probate. (Matter of Isaacs, 154 Misc. 601, affd. 245 App. Div. 728; Matter *267 of Leslie, 175 App. Div. 108, 195 App. Div. 571; Matter of Elias, 222 App. Div. 728; Matter of Westberg, 254 App. Div. 320; Matter of Jackson, 134 Misc. 750, affd. 227 App. Div. 777.)
In such cases there must be shown (1) fraud, misrepresentation, coercion or other ground tending to destroy the validity of the waiver or the decree; (2) facts sufficient to afford a substantial basis for the contest and reasonable probability of success.
The evidence presented here showed that the execution of the waiver by the petitioner was her own voluntary act. Neither fraud, misrepresentation, coercion nor duress was established. The petitioner was a woman of mature years, education and culture. She is bound with knowledge of the contents of the instrument and its legal effect whereby she formally consented to the probate of her uncle’s will. (Matter of Stone, 272 N. Y. 121; Matter of Schoenewerg, 277 N. Y. 424; Matter of James, 173 Misc. 1042, affd. 262 App. Div. 703, affd. 287 N. Y. 645, cert, denied sub nom. Anthony v. United States Trust Co., 315 U. S. 822.)
Ample opportunity was afforded to her to establish a substantial basis for a prospective contest and reasonable probability of success. The evidence adduced even by her own witnesses showed that the testator was of sound mind at the time of the execution of the instrument and free from undue influence or fraud. The will was drawn and its execution supervised by a lawyer of experience and professional standing. If the same evidence had been presented on an actual trial, with a jury, a direction of verdict would have been imperative. If the trial had been conducted by the Surrogate alone, the will would have been admitted to probate because of its validity.
Finally, it was satisfactorily established upon the trial that the petitioner never had any legal status to contest the will. A prior will and two codicils had been executed within a reasonably short time before the making of the propounded instrument. It was conceded that the testator was of sound mind at the time of the execution of the prior testamentary papers. Under the last will the petitioner received substantially more by way of financial benefit than under the prior instruments. She, therefore, had no interest or legal status as a contestant. (Matter of Cook, 244 N. Y. 63; Matter of Davis, 182 N. Y. 468; Matter of Hoyt, 55 Misc. 159, affd. 122 App. Div. 914, affd. 192 N. Y. 538; Matter of Wallace, 184 Misc. 448; Surrogate’s Ct. Act, § 147.)
The Surrogate accordingly determines upon the merits that no basis for the setting aside of the waiver of the petitioner *268 exists. The application of the petitioner is accordingly denied and the will is admitted to probate.
Aside from this disposition, an agreement of settlement has been made between the widow of the testator and the petitioner. Complete the execution of such agreement and file the same for the approval of the Surrogate.
A separate order may be submitted on notice denying the application to set aside the waiver.
A decree may likewise be submitted on notice admitting the will to probate, subject to the terms of the settlement agreement.