In the Matter of the Probate of the Will of KAROLINA N. HAWLEY, Deceased. HUDSON R. HAWLEY, Appellant; STANLEY M. MOFFAT, Respondent.

Third Department, December 10, 1958.

*Murphy & Niles* (*B. Leo Schwarz* of counsel), for appellant.

*Moffat & Sanford* (*Walter J. Hogan* of counsel), for respondent.

REYNOLDS, J.  This is an appeal by testatrix' husband from an order of the Fulton County Surrogate dismissing, after a hearing, his petition to withdraw a waiver of citation and consent to probate.

Appellant's wife died on May 9, 1957. The waiver in question was signed and acknowledged by him about three weeks later. The will involved was executed by testatrix in September, 1956. Stanley M. Moffat decedent's attorney, who drew the will, was the recipient of a $5,000 bequest and was also named executor and trustee of a trust, the principal of which was bequeathed to him upon the death of the appellant, who was to receive the income therefrom and as much of the principal as Moffat, the trustee, in his discretion deemed advisable.

Appellant testified that Moffat had been his attorney for many years, and that he had great confidence in him.  That Moffat was handling his mother's estate.  That he was called to Moffat's office where he signed many papers including the waiver.  That he did not pay much attention to the papers he signed, was not told the contents of the will and assumed that it referred to a prior will which left him everything outright. That Moffat wanted him to draw a new will since after his wife's property was sold it would go to him.  The attorney whom the appellant subsequently retained, Max Nassau, testified that Moffat had concealed from him the fact that the appellant had signed a waiver but his testimony was stricken out by the Surrogate.  The proponent Moffat put in no proof. Courts view with suspicion wills made by clients in favor of their attorneys (*Matter of Putnam,* 257 N. Y. 140; *Marx* v. *McGlynn,* 88 N. Y. 357; *Matter of Satterlee,* 281 App. Div. 251). It is evident that the Surrogate relied on the holding that to vitiate the waiver appellant was required to show (1) fraud, misrepresentation, coercion, or other grounds tending to destroy the validity of the waiver, and (2) facts affording a reasonable probability of success in contesting the will (see *Matter of Martin,* 14 Misc 2d 267).  There is authority, apparently to the contrary (*Matter of Teller,* 277 App. Div. 937; *Matter of Morgan,* 14 Misc 2d 265; *Matter of Hinderson,* 4 Misc 2d 559, affd. without opinion 2 A D 2d 682), but irrespective of what the correct rule may be, the situation in this case does not justify a finding that the appellant has not shown any probability of success.

The question here is whether, giving appellant's proof the benefit of every favorable inference, he has shown that he was deceived into executing the waiver. We cannot say that the evidence would not support findings that proponent knew appellant was ignorant of the will in question and induced him to sign a waiver knowing that it would not be read. This is especially true in view of the proof that proponent had for many years been appellant's lawyer and had gained his implicit trust.

The testimony of Nassau as to his conversations with Moffat, occurring after the actual signing of the waiver, in which it is alleged Moffat concealed from him the fact that a waiver had been signed should not have been stricken out. No facts tending to prove that actual fraud was committed are irrelevant if they reasonably bear on that issue (*Matter of Carpenter,* 252 App. Div. 885). Moffat's subsequent actions in his conversations with the appellant's new attorney appear to be reasonably related to the question of whether he did commit fraud in procuring the waiver and thus Nassau's testimony was relevant and should have been considered by the Surrogate (*Matter of Lamerdin,* 250 App. Div. 133, 136).

Order should be reversed and a new trial ordered.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Order reversed and a new trial ordered, with $10 costs to the appellant.