John J. Curran, S.
This is an application by the sole distributee of the late William E. Carney, deceased, to open the probate proceedings so as to permit him to file objections to the probate of decedent’s will. On this application the executors were made parties but no notice was given to the beneficiaries under decedent’s will.
William E. Carney died on September 2,1960, and was buried three days later. It is alleged in the moving papers that on the day of the funeral the petitioner was approached by one of the proponents of the will, an attorney, who submitted a waiver of citation for his signature. It is alleged that the attorney represented to the petitioner that he would not be deprived of his rights in the estate by signing the waiver. The petitioner, who was of full age, read the waiver and then signed the same, although his mother, who was present, cautioned him against signing any papers.
The instrument in question recites that the petitioner as such distributee waives the issuance and service upon him of a citation to attend the probate proceedings. It does not expressly consent to the probate of the will, although in practical effect the waiver may be tantamount to such consent.
On September 9, 1960 the will was admitted to probate and letters testamentary were issued to the proponents who qualified and have since been acting as executors.
It is urged now that the waiver of citation was procured through fraud, the fraud consisting of the alleged representation that the petitioner would not be deprived of his rights in the estate by the execution of the instrument.
It appears from the moving papers that approximately one month after these events the petitioner, learning to his dismay that the will had already been admitted to probate, obtained a copy from the Surrogate’s Court. Now one year later he moves to have the probate proceedings opened so that he may intervene and interpose objections to the probate of the will. Nowhere in the moving papers is there any intimation whatsoever as to the nature of the objections to probate.
The executors have filed an answer consisting merely of a verified general denial.
It has been held that where an application is made to open probate proceedings the petition must set forth facts indicating a meritorious basis for attack upon the, will and some probability of success in a proposed will contest (Matter of Jones, 147 Misc. *678 898; Matter of Leslie, 175 App. Div. 108). However, it has also been held that where the application to open the proceedings is based upon fraud, it is not necessary that the petition state grounds showing reasonable probability of success in a will contest (Matter of Bonesteel, 27 Misc 2d 792). On this latter point, however, there appears to be some lack of complete agreement. In Matter of Martin (14 Misc 2d 266) at page 267, Surrogate Foley lays down the following rule: “In such cases there must be shown (1) fraud, misrepresentation, coercion or other ground tending to destroy the validity of the waiver or the decree; (2) facts sufficient to afford a substantial basis for the contest and reasonable probability of success.”
In the proceeding before us it would appear that after the lapse of a year since the probate of the will, where all the facts have been in the possession of the moving party for this time, some clear and convincing evidence of fraud should be required as well as some indication of the grounds upon which the probate of the will would be contested, if the petitioner’s laches are to be excused. Not only is there no indication in the moving papers of any prospect of success in a will contest, but they are devoid of any suggestion even as to the grounds or the facts, if any, upon which the applicant would rely.
The acts alleged in obtaining petitioner’s waiver, while equivocal, do not clearly and convincingly constitute such fraud, if indeed fraud at all, as to justify the relief sought. It is not necessary to pass upon the propriety of the manner in which it is alleged that the waiver of citation was obtained.
Under all the circumstances, it would not be consistent with orderly procedure and with the finality which should be accorded probate decrees as well as the acts of the executors upon which rights of third parties may depend, to grant the relief sought on this application. The application is, therefore, denied and the stay of the acts of the executors is vacated.