Matter of Cher (2023 NY Slip Op 05062)

Matter of Cher

2023 NY Slip Op 05062

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

632 CA 22-01916

[*1]IN THE MATTER OF THE ESTATE OF JAMES CHER, DECEASED. EMESE OLAH, PETITIONER-RESPONDENT; ANTAL ZSIRAI, OBJECTANT-APPELLANT. 

JR COLLESANO, LLC, BUFFALO (JENNIFER R. COLLESANO OF COUNSEL), FOR OBJECTANT-APPELLANT. 
BRENNA BOYCE, PLLC, HONEOYE FALLS (DAVID C. SIELING OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered June 13, 2022. The order, among other things, granted the motion of petitioner for summary judgment, dismissed the objections, and admitted a certain will to probate. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying petitioner's motion for summary judgment in part and reinstating objections six and seven, and as modified the order is affirmed without costs and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum: Objectant appeals from an order that, inter alia, granted petitioner's motion for summary judgment dismissing his objections to the probate of decedent's will, and admitted the will to probate. We agree with objectant that Surrogate's Court erred in granting the motion with respect to the objections regarding undue influence, and we therefore modify the order by denying the motion in part and reinstating objections six and seven, which assert that the will was the product of undue influence, and remit the matter to Surrogate's Court for further proceedings on those objections.
"Generally, [t]he burden of proving undue influence . . . rests with the party asserting its existence . . . . Where, however, there was a confidential or fiduciary relationship between the beneficiary and the decedent, [a]n inference of undue influence arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction . . . , i.e., to prove the transaction fair and free from undue influence" (Matter of Burrows, 203 AD3d 1699, 1704 [4th Dept 2022], lv denied 39 NY3d 903 [2022] [internal quotation marks omitted]; see Matter of Mary, 202 AD3d 1418, 1420 [3d Dept 2022]). Here, there are questions of fact whether the will's sole beneficiary and her husband were in confidential relationships with decedent and, if so, whether the will was free from undue influence, which preclude judgment as a matter of law.
Further, where, as here, "a will has been prepared by an attorney associated with a beneficiary, an explanation is called for, and it is a question of fact . . . as to whether the proffered explanation is adequate" (Matter of Gobes, 189 AD3d 1402, 1405 [2d Dept 2020]; see Matter of Lamerdin, 250 App Div 133, 135 [2d Dept 1937]).
We have reviewed objectant's remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court